David M. Walsh, Esq.
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
*Attorneys for Barclay Water Management, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLARITY WATER TECHNOLOGIES, LLC, and TODD BROSAN | : : : | Civil Action No. |
| Plaintiffs, | : | |
| | : | |
| vs. | : : | **STIPULATED INJUNCTION ORDER** |
| BARCLAY WATER MANAGEMENT, INC., JOHN AND JANE DOES (1-10); ABC COMPANIES (1-10), | : : : : | |
| | : | |
| Defendants. | : | |

Pursuant to Fed. R. Civ. P. 65, the Court enters the following Stipulated Injunction Order in the above-referenced matter.

WHEREAS, on January 10, 2018, Todd Brosan ("Brosan") and Clarity Water Technologies, LLC ("Clarity") filed a Complaint in the Superior Court of New Jersey, Bergen County, Case Number BER-L-000254-18 ("State Court Action"), seeking to invalidate and/or clarify Brosan's obligations under an Employment Agreement that Brosan entered into with Barclay Water Management ("Barclay"); and

WHEREAS, Barclay removed the State Court Action to this Court and asserted Counterclaims against Brosan for injunctive relief and damages, contending that Brosan acted and was intending to continue to act in breach of the Employment Agreement; and

THEREFORE, based on the Joint Motion of the Plaintiff Todd Brosan and Defendant Barclay Water Management, Inc., the Court enters the following STIPULATED INJUNCTION that Plaintiff Brosan is enjoined and ordered as follows:

Brosan will not, directly or indirectly, for his benefit or the benefit of any other person or entity, including, but not limited to, Clarity,

(1)   Prior to May 27, 2019 (the "Restricted Period"), call upon, sell to, provide services for or to, solicit any business from, coordinate, develop or aid any specific sales-related activities to, or help others to solicit business from or sell to, any of the customer accounts described in the confidential "Barclay Restricted List 1";

(2)   Prior to November 27, 2018 (the "Limited Restricted Period"), call upon, sell to, provide services for or to, solicit any business from, coordinate, develop or aid any specific sales-related activities to, or help others to solicit business from or sell to, any of the accounts described in the confidential "Barclay Restricted List 2"; and

(3)   Prior to May 27, 2019, induce, encourage or solicit any current employee of Barclay to terminate his/her employment with Barclay.

Brosan is bound by all provisions of the Employment Agreement between Plaintiff Brosan and Barclay except as modified herein and as by the terms of the Settlement Agreement and Release. However, notwithstanding the provisions of the Employment Agreement, Brosan is permitted to solicit business from, coordinate, develop or aid any specific sales-related activities to, or help others to solicit business from or sell to, any other customer accounts not listed on the "Barclay Restricted List 1" or the "Barclay Restricted List 2." A copy of the Employment Agreement is attached hereto as Exhibit 1.

The "Barclay Restricted List 1" and "Barclay Restricted List 2" stated above refer to such confidential lists as provided by Barclay's counsel to Brosan's counsel, and shall not be shared with Clarity.[1]

---

[1] The "Barclay Restricted List 1" and "Barclay Restricted List 2" are confidential documents, but remain available for in-camera review.

The Parties agree that it is to their mutual benefit to attempt to resolve any potential breaches of this Stipulated Injunction Order in good faith, and thus the Parties agree that, unless a Party determines in good faith that immediate relief is required, prior to bringing any action to enforce this Stipulated Injunction Order, they will raise with the other Parties the potential breach and within five (5) days the attorneys for the Parties will meet in good faith, by telephone, to attempt to resolve any issues.

In the event any Party establishes an actual breach of any provision of Stipulated Injunction Order, that Party will be entitled to recover its reasonable sums and costs, including attorneys' fees, incurred to defend or attempt to enforce the provisions of this Stipulated Injunction Order.

Additionally, in the event Barclay establishes a violation of provisions one (1) or two (2) above, the Restricted Period or Limited Restricted Period shall be extended by one (1) month for each month or portion of each month during which Brosan is in violation. If the Restricted Period or Limited Restricted Period has lapsed by the time a breach is established, Brosan shall be subject to a new restricted period of one (1) month for each month or portion of each month during which Brosan is in violation, which shall start from the date of the Court's entry of an order finding that a violation has occurred.

This Order does not constitute a waiver of any claim or defense of any of the parties hereto in connection with the above-captioned litigation.

While this action is being dismissed with prejudice, this Court shall have and retain exclusive jurisdiction and venue over any and all disputes arising under this Stipulated Injunction Order.

Stipulated:

/s/ Anthony M. Bedwell
Anthony M. Bedwell, Esq.
JARDIM, MEISNER & SUSSER
30B Vreeland Road, Suite 201
Florham Park, NJ 07932
(o) (973) 845-7632
(c) (415) 722-8337
(f) (973) 845-7645

Attorneys for Todd Brosan and Clarity Water Technologies, LLC

/s/ David M. Walsh
David M. Walsh
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

Attorneys for Barclay Water Management, Inc.

**So Ordered:**

Date: June 4, 20/18

Hon. Susan D. Wigenton
United States District Judge

4822-0477-9111, v. 1